Argued and submitted September 4, 1992, affirmed January 20, reconsideration
denied April 14, petition for review allowed May 25, 1993 (316 Or 527)

In the Matter of the Compensation of
Rosalie S. Drews, Claimant.

## SAIF CORPORATION
and Marquis Homes, Inc.,
*Petitioners,*

*v.*

## Rosalie S. DREWS
and Wausau Insurance Companies,
*Respondents.*

(90-05597, 90-15186; CA A73419)

845 P2d 217

Michael O. Whitty, Special Assistant Attorney General,
Salem, argued the cause for petitioners. With him on the brief

were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Karsten Rasmussen, Eugene, argued the cause for respondent Rosalie S. Drews. On the brief were Eveleen Henry, Allison Tyler and Rasmussen & Henry, Eugene.

David O. Horne, Beaverton, filed the brief for respondent Wausau Insurance Companies.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

SAIF petitions for review of an order of the Workers' Compensation Board holding it responsible for claimant's low back condition. We affirm.

In 1985, while employed by Wausau Insurance Companies' insured, claimant injured her low back and left leg on the job. Wausau accepted the claim. The injury was described as a "sprain, strain of low back, herniated."

Claimant began to work for SAIF's insured in December, 1989. On December 26, 1989, claimant tripped and fell at work and hurt her low back and left leg. An MRI showed a "mild posterior central disc bulging at L5-S1, slightly more prominent than on a previous study of 9 September 1986," and "central posterior annular bulging at L4-5 which also appears slightly more prominent than on the previous study." Dr. Nagel was of the opinion that claimant's symptoms are due to the second injury.

In June, 1990, claimant's attorney sent Wausau a notice of claim. Wausau declined to reopen the claim, on the ground that claimant had suffered a new low back injury in 1989 while employed by SAIF's insured; therefore, it was no longer responsible for the condition.

■ SAIF contends that ORS 656.005(7)(a)(B) is applicable and requires Wausau to show that the 1989 injury is the major contributing cause of the disability and need for treatment. The Board held that that statute is not applicable in the context of assigning responsibility. We agree. ORS 656.005(7)(a) provides, in part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"* * * * *

"(B) If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the

major contributing cause of the disability or need for treatment."

ORS 656.005(7)(a)(B) defines what is compensable when a work-related injury combines with a preexisting noncompensable disease or condition to cause or prolong disability or a need for treatment. *See Tektronix, Inc. v. Nazari*, 117 Or App 409, 844 P2d 258 (1992). We agree with the Board that subparagraph (B) is not intended to apply in the context of assigning responsibility among successive employers for multiple compensable injuries.

■  In 1990, the legislature enacted ORS 656.308(1), which provides:

> "When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer."

The Board explained its understanding of the statute:

> "We have interpreted the amended law to mean that, in cases in which an accepted injury is followed by an increase in disability during employment with a later carrier, responsibility rests with the original carrier unless the claimant sustains an actual, independent compensable injury during the subsequent work exposure. *Ricardo Vasquez*, 43 Van Natta 1678 (1991). Therefore, Wausau, as the last carrier against whom claimant had an accepted low back injury, remains presumptively responsible. In order to avoid responsibility, Wausau has the burden of establishing that claimant sustained a new compensable injury involving the same condition while working for SAIF's insured.
>
> "In order to prove a new compensable injury, Wausau must show that the 1989 injury is a material contributing cause of disability or need for treatment. *See Mark N. Wiedle*, 43 Van Natta 855 (1991)."

The Board held that Wausau had met that burden and assigned responsibility for the condition to SAIF.

We agree with the Board's analysis. Wausau, as the insurer with the most recent accepted claim, has the burden of proving that the 1989 injury is a *material* contributing cause of claimant's disability or need for treatment. The Board found that Wausau had made that showing, and there is substantial evidence to support the finding.

Affirmed.