Argued and submitted September 2, decision of the Court of Appeals reversed; order of the Workers' Compensation Board reversed and case remanded to the Workers' Compensation Board for further proceedings October 28, 1993

In the Matter of the Compensation of
Rosalie S. Drews, Claimant.

**SAIF CORPORATION**
and Marquis Homes, Inc.,
*Petitioners on Review,*

*v.*

Rosalie S. DREWS
and Wausau Insurance Companies,
*Respondents on Review.*

(WCB 90-05597, 90-15186; CA A73419; SC S40093)

860 P2d 254

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for petitioners on review. With him on the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Karsten H. Rasmussen, of Rasmussen & Henry, Eugene, and David O. Horne, Beaverton, argued the cause for respondents on review. Karen M. Werner, Cheshire, and Eveleen Henry, of Rasmussen & Henry, Eugene, filed the response.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this workers' compensation case, SAIF Corporation (SAIF) petitions for review of a Court of Appeals' decision affirming an order of the Workers' Compensation Board (Board) that held SAIF responsible for workers' compensation benefit payments for claimant's 1989 injury. *SAIF v. Drews*, 117 Or App 596, 845 P2d 217 (1993). The case involves two successive compensable injuries to the same part of claimant's body. Claimant was employed by a different employer at the time of each injury. The case turns on the interpretation of ORS 656.308(1), in the context of assigning responsibility among successive employers for multiple compensable injuries.

The issues are: Which employer is responsible for the second injury? Does a second injury in a case such as this fall within the revised successive responsibility statutes enacted by the legislature in 1990? We answer the second question in the affirmative, which means that the answer to the first question is that, in this case, the insurance carrier for the first employer remains responsible. For the reasons explained below, we reverse the Court of Appeals' decision and the Board's order — both of which assigned responsibility to SAIF, the last carrier on the risk — and remand the case to the Board for further proceedings.

In 1986, while employed by Wausau Insurance Companies' insured, claimant injured her low back and left leg. Wausau accepted the claim and paid benefits to claimant. In 1989, while employed by SAIF's insured, claimant again injured her low back and left leg. Wausau denied the claim on the ground that, although claimant's low-back condition had worsened, she had suffered a new injury and, therefore, SAIF was responsible. SAIF also denied the claim, asserting that Wausau remained responsible. Claimant appealed both denials.

ORS 656.308(1), enacted in 1990,[1] makes the following provisions for determination of responsibility among successive employers:

---

[1] On May 7, 1990, the Oregon legislature passed Senate Bill 1197, an extensive revision of the Workers' Compensation Law, ORS ch 656. The present wording of ORS 656.308(1) was enacted as part of that revision. Or Laws 1990 (Special Session), ch 2, § 49.

"When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer."

ORS 656.003 provides: "Except where the context otherwise requires, the definitions given in this chapter govern its construction." ORS 656.005(7)(a) provides the following definition:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A)   No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B)   If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains *the major contributing cause* of the disability or need for treatment." (Emphasis added.)

The limitations set forth in subparagraphs (A) and (B) were added by the 1990 amendments to the definition of "compensable injury" in ORS 656.005. Or Laws 1990 (Special Session), ch 2, § 3.

In November 1990, a referee determined that the 1990 amendments to the Workers' Compensation Law applied to the issue of which of claimant's employers were responsible for the costs of her 1989 injury. After reviewing ORS 656.308(1) and 656.005(7)(a)(B), the referee concluded that claimant's 1989 injury was not "the major contributing cause" of claimant's disability or need for treatment and, therefore, that the responsibility for compensation for the

1989 injury did not shift to her subsequent employer under ORS 656.308(1). Accordingly, the referee affirmed SAIF's denial, set aside Wausau's denial, and ordered Wausau to process the claim. Wausau sought Board review.

The Board agreed with the referee that the 1990 amendments applied to the claim. The Board concluded, however, that claimant's 1989 injury was "a material contributing cause" of her disability or need for treatment and that "the major contributing cause" limitation contained in ORS 656.005(7)(a)(B) does not apply, because it should be applied only after an initial determination has been made that the injury is compensable. Instead, the Board looked to the provisions of ORS 656.308(1) and the Board's previous interpretations of that statute. The Board held that Wausau, as the last carrier against whom claimant had an accepted low-back injury claim, must demonstrate that there has been a "new compensable injury involving the same condition" under ORS 656.308(1) and that it need only show that the 1989 injury was "a material contributing cause" of disability or need for treatment. The Board concluded that, in the present case, Wausau had sustained its burden and, thus, the responsibility for claimant's condition shifted to the subsequent employer and to SAIF, because claimant's 1989 injury was "a material contributing cause" of her disability or need for treatment. The Board's analysis did not address the policy considerations underlying the legislature's 1990 amendments and did not discuss any legislative history. SAIF petitioned for judicial review.

In the Court of Appeals, SAIF contended that the Board erred in finding SAIF responsible for claimant's 1989 injury, because the 1989 injury was not the major contributing cause of her disability or need for treatment. SAIF argued that the Board misinterpreted the 1990 amendments. The Court of Appeals agreed with the Board's analysis and affirmed its order. *SAIF v. Drews, supra.* The Court of Appeals' opinion did not address the legislature's intent in amending the statutes in 1990. We allowed SAIF's petition for review to consider the interrelationship of ORS 656.308(1) and ORS 656.005(7)(a)(B), an issue not addressed previously by this court.

On review, SAIF contends that the Court of Appeals wrongly ignored the 1990 statutory changes and the policy choices that those changes represented. Specifically, SAIF argues that the Court of Appeals impermissibly inserted a word in ORS 656.005(7)(a)(B) by adding a requirement in that statute that the "preexisting disease or condition" to which the statute refers be *noncompensable*. The effect of that judicial insertion was to make ORS 656.005(7)(a)(B) inapplicable to this case, because the earlier injury in this case *was compensable*. SAIF asserts that the Court of Appeals' insertion of the word "noncompensable" violated ORS 174.010.[2]

■     In interpreting a statute, this court's task is to discern the intent of the legislature. ORS 174.020. To determine legislative intent, the court first examines the text and context of the statute. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993) (explaining methodology). If, after doing so, using aids to statutory construction that bear directly on the interpretation of the text of the statute within its context, the legislative intent is unclear, the court considers legislative history. *Id.* at 611-12. If, after consideration of text, context, and legislative history, the intent of the legislature remains unclear, the court may then resort to general maxims of statutory construction to aid in resolving the remaining uncertainty. *Id.* at 612.

■     It is not clear from the text or context of the 1990 amendments whether the legislature intended the "major contributing cause" limitation on the definition of "compensable injury" found in ORS 656.005(7)(a)(B) to apply to employer responsibility determinations under ORS 656.308(1). Accordingly, we turn to the legislative history of the 1990 amendments in an attempt to discern the legislative intent.

In 1990, a special session of the legislature was held, primarily to amend Oregon's workers' compensation laws.

---

[2] *ORS 174.010 provides:*

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

During that session, ORS 656.005(7)(a) was amended to add the limitations on the definition of "compensable injury" now found in subparagraphs (A) and (B), and a new provision was enacted, ORS 656.308(1), to govern the shifting of responsibility among employers. Or Laws 1990 (Special Session), ch 2, §§ 3, 49.

On the House floor, Representative Mannix explained the operation of the provision for shifting of responsibility among employers in this way:

> "We've had a problem with Oregon in regard to responsibility for claims. The shifting of responsibility from one employer or insurer to another. This bill * * * addresses responsibility as to industrial injuries and provides the worker and employer some assurance that when a worker has an industrial injury the responsibility for that injury remains with the first employer and another employer can take on that worker without worrying about having bought, in effect, some baggage of a previous injury unless the worker has an actual new compensable injury with a new employer. Then there will be a new claim. We toughened up on the standards there in terms of shifting responsibility." House Special Session, May 7, 1990, Tape 2, Side A.

Representative Mannix's statements indicate that the 1990 amendments were intended to make it more difficult to shift responsibility to a subsequent employer.[3] Those statements support SAIF's contention that "the major contributing cause" limitation found in ORS 656.005(7)(a)(B) was meant to apply to employer-responsibility determinations.

In response to an employer's concerns about hiring a worker who had experienced a compensable injury while working for an earlier employer, Representative Mannix

---

[3] Under this court's pre-1990 decisions discussing shifting responsibility among employers, the judicially adopted doctrine of "last injurious exposure" indicated that "the last employer who materially contributes to a worker's disabling condition is liable for compensation for the entire cumulative disability." *Bracke v. Baza'r*, 293 Or 239, 244, 646 P2d 1330 (1982). *See Runft v. SAIF*, 303 Or 493, 499-500, 739 P2d 12 (1987) (recognizing that "last injurious exposure" rule may produce arbitrary results); *Boise Cascade Corp. v. Starbuck*, 296 Or 238, 242, 675 P2d 1044 (1984) ("last injurious exposure" rule may apply in injury cases as well as occupational disease cases). One of the purposes of the 1990 amendments was to overturn this line of cases and make it more difficult to transfer responsibility for a condition or disability to a subsequent employer.

made the following statements during a public hearing of the Joint Interim Special Committee on Workers' Compensation:

> "I think it's important as a matter of this record to say that actually there's more to this than meets the eye, and it's good to have it on the record. Although I don't think [section] 49 goes far enough, let's state for the record that it says here, first of all, *this will do away with the current court interpretations of what is a new injury for responsibility purposes.* Do you hear that, judges on the Court of Appeals, members of the Board, when you read the transcript of this hearing? This does away with what they've been saying, which is if the subsequent employment contributed however slightly to the causation of the disabling condition, then all of that — I won't even go into all the standards that are there and you know that they are there. This says that there's going to have to be a new compensable injury and *this bill defines compensable injury* and so *if there isn't a new compensable injury under the definition of the law, then responsibility remains with the first employer.*" Joint Interim Special Committee on Workers' Compensation, May 4, 1990, Tape 18, Side A (emphasis added).

Those statements also support the conclusion that the definition of compensable injury as limited by ORS 656.005-(7)(a)(B) was meant to apply in the context of shifting responsibility to a subsequent employer.[4] Our review of the relevant legislative history persuades us that the Board's and the Court of Appeals' implicit holding that ORS 656.005-(7)(a)(B) is not applicable in this context is erroneous.

■     As we interpret ORS 656.308(1) and 656.005(7)(a) together, they work in this case as follows: "Compensable injury" encompasses an application of the criteria found in ORS 656.005(7)(a), including the limitations found in subparagraphs (A) and (B) of that statute, in making an initial determination of compensability. If the accidental injury

---

[4] *See also* Joint Interim Special Committee on Workers' Compensation, May 3, 1990, Tape 4, Side A (Ross Dwinnel, co-chair of committee that drafted 1990 amendments, agreed with Representative Mannix that the new provisions on shifting of employer responsibility eliminated prior judicial standards for responsibility shifts); Joint Interim Special Committee on Workers' Compensation, May 4, Tape 18, Side A (Representative Edmundson understood new provisions to require that the initial employer remains responsible unless a new injury qualifies as compensable under definition of compensable injury).

described in paragraph (a) combines with a preexisting condition, a determination is made under subparagraph (B) whether the accidental injury described in paragraph (a) is "the major contributing cause of the disability or need for treatment." That determination is made under subparagraph (B) whether or not the preexisting condition was compensable.

If the preexisting condition was compensable, then the provisions of ORS 656.308(1) apply to determine whether responsibility shifts to the subsequent employer. If the accidental injury described in ORS 656.005(7)(a) was found not to be "the major contributing cause" under subparagraph (B), then the first sentence of ORS 656.308(1) applies, because the claimant has not sustained a "new compensable injury involving the same condition" and, thus, the first employer remains responsible. If the accidental injury described in paragraph (a) of ORS 656.005(7) was found to be "the major contributing cause" under subparagraph (B), then the second sentence of ORS 656.308(1) applies, because a new compensable injury has occurred, and responsibility shifts to the subsequent employer. Thus, the provisions of both ORS 656.005(7)(a)(B) and 656.308(1) can be applied, giving effect to both provisions, while carrying out the intent of the legislature to shift the burden to a subsequent employer only if a new injury is "the major contributing cause" of the need for treatment.

We conclude that the legislature intended the "major contributing cause" requirement of ORS 656.005(7)(a)(B) to apply to the shifting of responsibility among employers under ORS 656.308(1), whether or not the earlier condition to which subparagraph (B) refers was compensable. Accordingly, we reverse the contrary decisions of the Court of Appeals and the Board.

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Workers' Compensation Board for further proceedings.