684

Argued and submitted November 17, 1993, reversed and remanded for reconsideration January 5, 1994

In the Matter of the Compensation of
Darrell W. Vinson, Claimant.

## SAIF CORPORATION
and DeJong Products, Inc.,
*Petitioners,*

*v.*

Darrell W. VINSON,
Crawford & Company
and J & E Keister,
*Respondents.*

(WCB 91-05363, 91-08114, 91-08115, 91-04982;
CA A78727)

866 P2d 522

David L. Runner, Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Daniel J. DeNorch argued the cause and filed the brief for respondent Darrell M. Vinson.

Thomas M. Christ argued the cause and filed the brief for respondents Crawford & Company and J & E Keister.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

PER CURIAM

## PER CURIAM

SAIF seeks review of an order of the Workers' Compensation Board holding that claimant had suffered a new compensable injury that shifted responsibility for his injury from his first employer, Crawford & Company, to SAIF's insured, DeJong Products. SAIF argues that the Board erred in failing to apply the major contributing cause standard of ORS 656.005(7)(a)(B) to the responsibility dispute under ORS 656.308(1).

Here, the Board found that claimant's accidental injury at SAIF's insured was a *material contributing cause* of his need for treatment and disability, and, on the basis of that finding, held that responsibility had shifted from the first employer to SAIF's insured. Under the Supreme Court's holding in *SAIF v. Drews*, 318 Or 1, 9, 860 P2d 254 (1993), the first employer remains responsible unless the claimant has suffered a new injury that is the *major contributing cause* of the need for treatment. ORS 656.005(7)(a)(B); ORS 656.308(1). We reverse the Board's order and remand for reconsideration in the light of *SAIF v. Drews, supra*.

Reversed and remanded for reconsideration.