On petitioners' motion for reconsideration filed November 8, 1993, reconsideration allowed; opinion (124 Or App 210, 859 P2d 1202) withdrawn; reversed and remanded for reconsideration January 19, 1994

In the Matter of the Compensation of
Kurt D. Cutlip, Claimant.

## CRAWFORD & COMPANY
and Epson Portland, Inc.,
*Petitioners,*

*v.*

## LIBERTY NORTHWEST INSURANCE CORPORATION,
Oregon-Canadian Forest Products
and Kurt D. Cutlip,
*Respondents.*

(WCB 91-12437, 91-13835; CA A78445)

866 P2d 523

---

William H. Walters, and Miller, Nash, Wiener, Hager & Carlsen for motion.

No appearance *contra.*

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

PER CURIAM

**PER CURIAM**

Petitioners move for reconsideration of our opinion, 124 Or App 210, 859 P2d 1202, affirming an order of the Workers' Compensation Board on the basis of our holding in *SAIF v. Drews*, 117 Or App 596, 845 P2d 215 (1993). *Drews* held that, in cases involving successive injuries, the employer with the last accepted claim need only prove that a new industrial injury involving the same condition materially contributed to claimant's condition, in order to shift responsibility to a subsequent employer under ORS 656.308(1). However, the Supreme Court subsequently reversed our decision in *Drews* and held that the employer with the last accepted claim must prove that the new injury at a subsequent employer is the major contributing cause of the need for treatment in order to shift responsibility to the later employer. *SAIF v. Drews*, 318 Or 1, 860 P2d 254 (1993). In view of the Supreme Court's decision, we allow reconsideration, withdraw our opinion and reverse and remand to the Board for reconsideration under the proper standard.

Reconsideration allowed; opinion withdrawn; reversed and remanded for reconsideration.