On petitioners' petition for reconsideration filed November 24, 1993,
reconsideration allowed; decision (124 Or App 678, 865 P2d 1341 (1993)) withdrawn;
reversed and remanded for reconsideration January 26, 1994

In the Matter of the Compensation of
Jerome A. Young, Claimant.

ITT HARTFORD INSURANCE GROUP
and Fleetwood of Oregon,
*Petitioners,*

*v.*

Jerome A. YOUNG;
Milgard Manufacturing, Inc.;
Kemper Insurance Company;
and Lumberman's Mutual,
*Respondents.*

(91-04933, 91-01167, 92-01499; CA A79279)

866 P2d 524

John D. Ostrander, Tooze Shenker Duden and Creamer Frank & Hutchison for the petition.

Darrell E. Bewley and Estell & Bewley *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Relying on our opinion in *SAIF v. Drews*, 117 Or App 596, 845 P2d 217 (1993), which interpreted ORS 656.308, we affirmed without opinion the Workers' Compensation Board's order in this case holding that Milgard Manufacturing, Inc., had established that claimant's employment at Fleetwood of Oregon was a material contributing cause of his condition and that his condition was therefore the responsibility of Fleetwood. 124 Or App 678, 865 P2d 1341 (1993). The Supreme Court reversed our decision in *SAIF v. Drews*, 318 Or 1, 860 P2d 254 (1993), holding that, in order to shift responsibility to a subsequent employer under ORS 656.308, the last employer with an accepted claim has the burden to show that the subsequent employment is the major contributing cause of the condition. In the light of that reversal, Fleetwood seeks reconsideration of our decision. We allow reconsideration, withdraw our decision, and remand the case to the Board.

Here, the Board affirmed and adopted the referee's order, which said:

"Although the standard is materiality, I will state that a major contributing cause standard *might lead to a different result*. Remembering that the initial employer has the burden of proof, I would find the evidence relatively evenly balanced concerning whether Milgard or Fleetwood were [*sic*] the major contributing cause of claimant's condition * * *." (Emphasis supplied.)

We remand this case to the Board for it to consider whether, under the major contributing cause standard, responsibility for claimant's compensable back condition shifts to Fleetwood.

Reconsideration allowed; decision withdrawn; reversed and remanded for reconsideration.