Argued and submitted September 14, affirmed December 21, 1994

In the Matter of the Compensation of
Michael Yokum, Claimant.

SAIF CORPORATION
and Asphalt Maintenance Associates, Inc.,
*Petitioners,*

*v.*

Michael YOKUM;
American States Insurance/Productive Painting;
SAIF Corporation/Mid-Coast Marine;
EBI Companies/Reedsport Machine and Fabrication;
SAIF Corporation/Pacific Marine Ship Repair;
SAIF Corporation/Turner Painting
and SAIF Corporation/E & C Painting,
*Respondents.*

(WCB 91-14304, 91-14305, 91-14306, 91-14307,
91-14308, 91-14309, 91-17992; CA A78726)

887 P2d 380

David L. Runner, Assistant Attorney General, argued the cause for petitioners. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Paul A. Dakopolos argued the cause for respondents SAIF Corporation/Turner Painting. With him on the brief was Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

Deborah L. Sather and Stoel Rives Boley Jones & Grey filed the brief for respondent American States Insurance/Productive Painting.

Darren L. Otto and Scheminske & Lyons filed the brief for respondents SAIF Corporation/E & C Painting.

Douglas A. Swanson waived appearance for respondent Michael Yokum.

Jerald P. Keene waived appearance for respondents SAIF Corporation/Mid-Coast Marine.

Howard R. Nielsen waived appearance for respondents EBI Companies/Reedsport Machine & Fabrication.

Richard Wm. Davis waived appearance for respondents SAIF Corporation/Pacific Marine Ship Repair.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer Asphalt Maintenance Associates, Inc. (AMA), seeks review of an order of the Workers' Compensation Board assigning to it responsibility for claimant's occupational disease claim.[1] We affirm.

Since 1974, claimant has worked as a painter for a number of employers, including AMA and Turner Painting (Turner). During his employment as a painter, he was exposed to organic solvents through inhalation and skin contact. Throughout his employment, he occasionally experienced feelings of intoxication, including light-headedness, dizziness and disorientation. He first sought treatment for that condition in 1990, when he was working for Turner. Claimant worked for AMA for part of 1990 and 1991. In 1991, as a result of increasingly serious neurological symptoms, claimant sought medical treatment and filed workers' compensation claims against AMA and Turner. Both employers denied the compensability of and their responsibility for the claim.

The Board concluded that claimant has an organic brain disorder, and that the disorder is compensable as an occupational disease. Neither employer challenges that portion of the order. The Board also determined that AMA is the employer responsible for the claim. The Board applied the last injurious exposure rule, and concluded that Turner was "initially" responsible, because it was the last employer for which claimant worked before he first sought medical treatment for his condition. However, Turner argued, and the Board agreed, that AMA should be assigned responsibility for the claim, because it was a subsequent employer that actually contributed to a worsening of the condition. *See Oregon Boiler Works v. Lott*, 115 Or App 70, 836 P2d 756 (1992).

AMA seeks review, arguing that the Board erred in applying the last injurious exposure rule to hold it responsible for claimant's occupational disease. It argues that ORS 656.308(1) applies instead of the last injurious exposure rule. ORS 656.308(1) provides:

---

[1] Other employers have appeared in this review. They make arguments that track one or the other of the employers that we specifically name. We will not separately address their arguments.

"When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer."

According to AMA, under ORS 656.308(1), responsibility "shifts" from Turner to AMA only if the work activity with AMA was the major contributing cause of the claimant's disability or need for medical treatment, pursuant to ORS 656.005(7)(a)(B). *See SAIF v. Drews*, 318 Or 1, 860 P2d 254 (1993). Turner responds first that AMA did not preserve its argument that ORS 656.308(1) should apply and that, therefore, we should not address it. *See* ORAP 5.45. It further argues that the Board correctly applied the last injurious exposure rule, because ORS 656.308(1) does not apply to a determination of responsibility in an initial claim context.

■ We disagree with Turner's contention that the issue of the application of ORS 656.308(1) was not preserved. Although AMA did not cite ORS 656.308(1) in its brief to the Board, it did make the argument that it could be responsible only if the evidence showed that employment with AMA was the major contributing cause of claimant's worsened condition. The Board, in its order, applied the last injurious exposure rule, citing its own opinion in *Fred A. Nutter*, 44 Van Natta 854 (1992). In *Nutter*, the Board considered whether to apply ORS 656.308(1) in an initial claim context, and concluded that the statute did not apply. Thus, it is apparent that the Board in this case understood that there was an issue regarding the applicability of ORS 656.308(1), and relied on its earlier decision to conclude that the last injurious exposure rule did apply and that ORS 656.308(1) did not apply. Therefore, we will address AMA's argument on review.

■ We agree with Turner that ORS 656.308(1) does not apply to this case. ORS 656.308(1) provides that, "[w]hen a worker sustains a compensable injury, the responsible employer shall remain responsible * * * unless the worker sustains a new compensable injury involving the same condition." In determining whether that subsection applies, we

consider first its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). AMA argues that ORS 656.308(1) applies when there is a "compensable injury," which includes occupational diseases, ORS 656.804, and that claimant sustained a compensable injury when he sought medical treatment in 1990 while working for Turner. According to AMA, the term "compensable injury" as used in ORS 656.308(1) does not require that the condition be one for which a claim has been accepted. Turner focuses on the language in the statute that "the responsible employer shall remain responsible," and asserts that there cannot be an employer that has continuing responsibility unless there is an accepted claim for which some employer has the responsibility to pay.

We agree with Turner. The term "compensable injury" is used in workers' compensation statutes sometimes to mean an injury or disease for which there is an accepted claim, *e.g.*, ORS 656.202(1); ORS 656.245, and other times to mean an injury or disease that is work related, regardless of whether a claim has been filed or accepted. *E.g.*, ORS 656.018; *Errand v. Cascade Steel Rolling Mills, Inc.*, 126 Or App 450, 869 P2d 358, *rev allowed* 319 Or 80 (1994). Thus, the language of the term in isolation does not resolve the issue in this case. The context in which the term is used, however, makes its meaning clear. The statute says that, "[w]hen a worker sustains a compensable injury, the responsible employer shall remain responsible * * *." On its face, the statute addresses the issue of when a responsible employer can shift responsibility to a subsequent employer. It begins from the premise that there is an employer that is responsible to pay for a particular compensable condition. There is no responsible employer until there is an accepted claim and a determination of responsibility, if there is more than one potentially responsible employer. Thus, for the statute to be triggered, there must be an accepted claim for the condition, for which some employer is responsible. In an initial claim context, no employer is responsible until responsibility is fixed. The reading of "compensable injury" offered by AMA disregards the context in which the term is used.

AMA's fundamental error is in treating this case as a "shifting responsibility" case. In an initial claim context, the

last injurious exposure rule provides a method by which to assign presumptive responsibility, which can only be overcome by proof that subsequent employment actually contributed to a worsening of the condition. From that, AMA argues that the presumptively responsible employer is the "responsible employer" referred to in ORS 656.308(1). However, that reasoning misses the basic point that there cannot be a *shift* of responsibility from one responsible employer to another until there is first a responsible employer. A presumptively responsible employer under the last injurious exposure rule may or may not be found responsible for the claim; the determination of presumptive responsibility is merely one step in the determination of which employer, in fact, is responsible. Accordingly, "shifting" of responsibility is not an issue in an initial claim context.

Our conclusion that ORS 656.308(1) does not apply to initial claim determinations is consistent with what we have said before about ORS 656.308(1). In *Bennett v. Liberty Northwest Ins. Corp.*, 128 Or App 71, 75 n 1, 875 P2d 1176 (1994), we said that ORS 656.308(1) does not have

> "any effect on the last injurious exposure rule in an initial claim context. Both ORS 656.308(1) and *SAIF v. Drews, supra*, address the shifting of responsibility from an employer that is responsible for an accepted claim, to a later employer that has made some contribution to the disability or need for treatment of the same condition. The statute has no application in this case, because there is no accepted claim."

That statement is also in accord with our opinions in *ITT Hartford Ins. Group v. Young*, 126 Or App 117, 866 P2d 524 (1994), and *Crawford & Company v. Liberty Northwest Ins. Corp.*, 126 Or App 110, 866 P2d 523 (1994), in which we said that *Drews* holds that ORS 656.308(1) places the burden on the employer *with an accepted claim* to prove that the subsequent employment is the major contributing cause of the condition. We have never read *Drews* as requiring application of ORS 656.308(1) to an initial claim responsibility determination.

■■ When the last injurious exposure rule is applied to determine responsibility among employers in an initial claim for compensation, that rule not only assigns "presumptive"

responsibility to the last employer that could have contributed to the condition before the claimant sought medical treatment; it also works to allow rebuttal of the presumption, if a subsequent employer independently contributed to the worsening of the condition. There is no indication that ORS 656.308(1) was intended to apply to change that rule. Therefore, the Board did not err in applying the last injurious exposure rule to make a determination of responsibility in this initial claim case.

Affirmed.