Argued and submitted October 4, reversed and remanded for reconsideration
December 24, 1996

In the Matter of the Compensation of
Gary G. Britton, Claimant.

## SAIF CORPORATION
and Rose Logging, Inc.,
*Petitioners,*

*v.*

Gary G. BRITTON,
Mary's River Lumber and
Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB 95-02235; CA A92670)

929 P2d 1058

Michael O. Whitty argued the cause and filed the brief for petitioners.

David C. Force filed the brief for respondent Gary G. Britton.

Alexander Libmann argued the cause and filed the brief for respondents Mary's River Lumber and Liberty Northwest Insurance Corporation.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

This workers' compensation case involves two successive injuries to the same part of claimant's body. Claimant was employed by a different employer at the time of each injury. SAIF Corporation seeks review of an order of the Workers' Compensation Board that shifted responsibility for claimant's left carpel tunnel syndrome (CTS) from Mary's River Lumber's (Mary's River) insurer, Liberty Northwest Insurance Corp. (Liberty), to Rose Logging, Inc.'s (Rose) insurer, SAIF, due to injuries claimant received in a motor vehicle accident while working for Mary's River. SAIF argues that the Board misapplied ORS 656.005(7)(a)(B). We agree with SAIF and reverse the order.

In 1984, while employed for Mary's River doing heavy mill work, claimant submitted a workers' compensation claim for bilateral CTS. Liberty accepted his claim and, in 1990, claimant underwent right carpel tunnel surgery for his continuing symptoms. Claimant did not, however, pursue left carpel tunnel surgery, because that condition had improved. His claim was closed in 1990 with scheduled permanent partial disability awards of 32 percent for the left forearm and 15 percent for the right forearm.

Claimant later left his employment at Mary's River. In 1992, he was injured in a motor vehicle accident while employed as a truck driver for Rose. SAIF accepted his workers' compensation claim for numerous conditions. In November 1994, claimant sought treatment for a worsening of his left carpel tunnel symptoms. Both insurers denied responsibility for the condition, and claimant appealed.

The administrative law judge (ALJ) affirmed SAIF's denial but set aside Liberty's denial.[1] Liberty appealed to the Board and the Board reversed, finding that SAIF was responsible. SAIF petitioned for judicial review, contending that the Board misapplied the standard set out in

---

[1] Claimant had also submitted an aggravation claim to Liberty for his worsened left carpel tunnel syndrome, and Liberty denied that claim. The ALJ affirmed that denial and claimant did not challenge that decision. Therefore, that question is not before us.

ORS 656.005(7)(a)(B).[2] We review the Board's order for errors of law, ORS 656.298(6); ORS 183.482(8), and reverse.

■    ORS 656.308(1) specifies how responsibility will be shifted between employers of an injured worker who has successive injuries to the same body part. Under the statute, the first employer remains responsible for future compensable medical services and disability related to the accepted condition "unless the worker sustains a new compensable injury involving the same condition." *See also SAIF v. Drews*, 318 Or 1, 9, 860 P2d 254 (1993). The responsibility shifting mechanism under ORS 656.308(1) provides, in addition, that "[i]f a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer."

In *SAIF v. Drews*, the Supreme Court explained how ORS 656.308(1) and ORS 656.005(7)(a)(B) work together to provide the responsibility shifting mechanism under the circumstances presented here: an accidental injury in combination with a preexisting condition. Specifically, the Supreme Court said that the determination of whether a claimant has suffered a new compensable injury involves the

"application of the criteria found in ORS 656.005(7)(a), including the limitations found in subparagraphs (A) and (B) of that statute, in making an initial determination of compensability. If the accidental injury described in paragraph (a) combines with a preexisting condition, a determination is made under subparagraph (B) whether the accidental injury described in paragraph (a) is 'the major contributing cause of the disability or need for treatment.' * * *.

---

[2]  ORS 656.005 provides, in part:

"(7)(a) A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; * * *

"* * * * *

"(B) If an otherwise compensable injury combines * * * with a preexisting condition to cause * * * a need for treatment, the combined condition is compensable only if * * * the otherwise compensable injury is the major contributing cause of * * * the need for treatment of the combined condition."

"* * * If the accidental injury described in paragraph (a) of ORS 656.005(7) was found to be 'the major contributing cause' under subparagraph (B), *then * * * a new compensable injury has occurred*, and responsibility shifts to the subsequent employer." *Id.* at 8-9. (Emphasis supplied.)

By that, we understand the Supreme Court to mean that when a worker sustains a second injury to the same body part, whether the first injury is compensable or not, the subsequent employer is responsible only if the second injury constitutes the major contributing cause of the worker's disability or need for treatment for the combined condition.

The pertinent question here is whether the injuries claimant sustained to his left forearm in the 1992 motor vehicle accident constitute the major contributing cause of his current need for treatment for his left CTS. That inquiry requires a comparison of the relative contribution to his need for treatment of claimant's preexisting left CTS and the injuries claimant sustained in the work-related accident. *Dietz v. Ramuda*, 130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed* 321 Or 416 (1995). The focus of the inquiry is a determination of the *primary* cause of claimant's need for treatment. *Id.* It is recognized that work activities that precipitate a claimant's need for treatment *may* be the major contributing cause, but that is not necessarily true. *Id.*

In addressing the question of the causation of claimant's current need for treatment, the Board set forth the proper standard:

"There is no dispute that claimant's left CTS preexisted the 1992 compensable motor vehicle accident. Liberty's theory is that the motor vehicle accident combined with the left CTS, result[ed] in claimant's need for treatment. Under such a theory, in order for responsibility to shift to SAIF, Liberty must show that the 1992 motor vehicle accident is *the major contributing cause of the need for treatment*. ORS 656.308(1); ORS 656.005(7)(a)(B)." (Emphasis supplied.)

However, the Board provided the following explanation in reaching its decision:

"Finally, by stating that the motor vehicle accident *pathologically worsened the left CTS*, we conclude that Dr. Jewell

showed that the compensable 1992 injury is the major contributing cause of the need for treatment. Thus, responsibility for claimant's condition shifts from Liberty to SAIF. ORS 656.308(1); 656.005(7)(a)(B)." (Emphasis supplied.)

■■ The Board correctly set forth the standard under which it was to judge the compensability of, and responsibility for, claimant's current need for treatment. It is evident, however, that the Board failed to engage in the comparative analysis that it correctly understood was contemplated by the statute. The Board only concluded that claimant's motor vehicle accident pathologically worsened his CTS. That inquiry falls just short of the mark. The Board failed to determine whether, when compared with the injuries he sustained in his motor vehicle accident, claimant's preexisting CTS contributed to his current need for treatment. Under ORS 656.005(7)(a)(B), the quantitative contribution of each cause, *including the precipitating cause*, must be weighed to establish the primary cause of claimant's need for treatment. Accordingly, the Board erred as a matter of law in its application of ORS 656.005(7)(a)(B).

Liberty's and claimant's other arguments do not merit discussion.

Reversed and remanded for reconsideration.