Argued and submitted March 17, affirmed May 7, 1997

In the Matter of the Compensation of
Thomas R. Williams, Claimant.

BARRETT BUSINESS SERVICES,
*Petitioner,*

*v.*

Thomas R. WILLIAMS,
Gibson Steel Fabricating, SAIF Corporation,
and Morgan Manufacturing/Nicolai Door,
*Respondents.*

(WCB Nos. 94-03163, 94-03162, 93-05344; CA A93904)

939 P2d 50

Scott H. Terrall argued the cause for petitioner. With him on the brief was Terrall & Associates.

Charles Duncan argued the cause and filed the brief for respondent Thomas R. Williams.

Paul L. Roess argued the cause for respondents Gibson Steel Fabricating and SAIF Corporation. With him on the brief were Frank A. Moscato and Moscato, Skopil & Hallock.

Jerald P. Keene argued the cause and filed the brief for respondents Morgan Manufacturing/Nicolai Door.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Employer Barrett Business Services (Barrett) seeks review of an order of the Workers' Compensation Board, contending that the Board erred in determining that it, rather than Nicolai Door, an earlier employer, is responsible for claimant's shoulder condition. The case presents an issue of first impression concerning the interplay of ORS 656.308(1) and the last injurious exposure rule. In our view, the Board applied the correct legal analysis when it held that a single case can involve both ORS 656.308(1) and the last injurious exposure rule. Additionally, substantial evidence supports the Board's findings as to the assignment of responsibility. Accordingly, we affirm the Board.

Claimant suffered two compensable left shoulder injuries, in 1987 and 1988, while working for Nicolai Door. He had surgery after the second injury, and the claim was closed. Claimant did not return to work for Nicolai, but over the years he had numerous other employers. In May 1992, he went to work for Barrett at Cone Lumber. Cone Lumber terminated claimant's placement there when claimant asked his supervisor for approval to see a doctor with regard to shoulder pain. In January 1993, while unemployed, claimant was in a motorcycle accident that caused some shoulder pain. His symptoms resolved, but claimant's doctor recommended diagnostic tests to evaluate the underlying shoulder condition. In March 1993, claimant filed an aggravation claim with Nicolai. Nicolai denied the claim on the ground that claimant's aggravation rights had expired. Claimant began to work for Gibson Steel Fabricating in May 1993, but was let go in October 1993. Subsequent medical reports were treated by Nicolai as a new injury claim and it issued a disclaimer of responsibility, naming Barrett and Gibson as potentially responsible employers. They each denied the claims.

Because claimant had a previously accepted injury at Nicolai involving the same shoulder, the Board correctly held that the claim must initially be analyzed under ORS 656.308(1), which provides, in part:

> "When a worker sustains a compensable injury, the responsible employer shall remain responsible for future

compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer."

The Board found that claimant's shoulder condition is compensable as a new occupational disease because of his years of employment after his employment at Nicolai. That finding is supported by substantial evidence. The Board reasoned that, because claimant's work exposure after Nicolai was the major contributing cause of his injury, responsibility shifts from Nicolai to a later employer. The medical evidence did not say, however, that claimant's new condition was caused by one of his subsequent employments but rather that it was caused by a combination of his employments after Nicolai. Accordingly, in determining which of the later employers should be responsible for the claim, the Board applied the last injurious exposure rule and held that responsibility should lie with Barrett, claimant's last employment before he sought treatment in 1993.

■        Barrett argues that the Board has impermissibly intertwined the provisions of ORS 656.308(1) with the last injurious exposure rule. In Barrett's view, because no single subsequent employment is the major contributing cause of claimant's condition, responsibility remains with Nicolai. We think that the Board's analysis is the correct one. Contrary to the position taken by employer, the Supreme Court's opinion in *SAIF v. Drews*, 318 Or 1, 860 P2d 254 (1993), specifically 318 Or at 9 n 3, does not hold that ORS 656.308(1) eliminates the application of the last injurious exposure rule in every case involving a previously accepted injury. The court said that one of the purposes of the enactment of ORS 656.308(1) was to overturn a line of cases requiring a shifting of responsibility if a subsequent employment has contributed materially to the worker's injury, in order to "make it more difficult to transfer responsibility for a condition or disability to a subsequent employer." Here, there is no dispute that the subsequent employment was the major contributing cause of claimant's new occupational disease. Accordingly, under

ORS 656.308(1) and *Drews*, Nicolai is relieved of further responsibility for its previously accepted claim. The new occupational disease is concededly compensable, but no employer has processed it to acceptance. Neither ORS 656.308(1) nor *Drews* makes provision for determining initial responsibility for a new compensable condition as among a claimant's subsequent multiple employments. The Board correctly turned to the last injurious exposure rule for the purpose of determining which among claimant's multiple employers after Nicolai is responsible for the condition. Its findings are supported by substantial evidence.

Affirmed.