On respondent Kathleen Climer's petition for attorney fees filed November 20, 2000, petition for attorney fees allowed in amount of $6,747 March 21, 2001

In the Matter of the Compensation of
Kathleen A. Climer, Claimant.

WAL-MART STORES, INC.,
*Petitioner,*

*v.*

Kathleen CLIMER
and Kinney Shoe Company,
*Respondents.*

(98-00453, 98-09140; CA A108391)

21 P3d 660

Daniel J. Sato for the petition.

Delbert J. Brenneman and Hoffman, Hart & Wagner *contra.*

Before Brewer, Presiding Judge, and Armstrong and Kistler, Judges.

BREWER, P. J.

### BREWER, P. J.

Claimant, the prevailing party in *Climer v. Wal-Mart Stores, Inc.*, 171 Or App 77, 14 P3d 648 (2000), petitions for an award of attorney fees. The issue for decision is whether claimant is entitled to an award of attorney fees on review in this court under ORS 656.382(2).[1] For the reasons explained below, we overrule employer Wal-Mart Stores, Inc.'s, objections to the petition and award claimant attorney fees in the sum of $6,747.

In 1992, claimant suffered right hip and low back strains when she fell off a ladder while working for Kinney Shoe Corporation (Kinney). Kinney's workers' compensation insurer accepted claimant's claim for that injury. Claimant later was employed by Wal-Mart, where her work involved fast-paced walking, running, and extensive hours on her feet. During her employment with Wal-Mart, claimant's pain increased and she was diagnosed with degenerative disk disease at L4-5 and L5-S1, which required surgery. Both Kinney and Wal-Mart denied responsibility for claimant's current claim for medical services, and neither employer accepted the claim as compensable.

An ALJ determined that the onset of claimant's current condition occurred while she was working for Wal-Mart and that Kinney was not responsible. The ALJ ordered Wal-Mart to pay the claim and awarded claimant $4,000 in attorney fees. Wal-Mart appealed the decision to the Workers' Compensation Board (Board), which affirmed the ALJ's decision. The Board determined that claimant's current condition arose while she was working at Wal-Mart. The Board also found that there was no evidence that Kinney had

---

[1] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge [ALJ], board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount to be set by the [ALJ], board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

accepted claimant's degenerative disc disease as a compensable condition. Alternatively, the Board found that, even if the condition was caused by the injury that occurred while she was employed at Kinney, claimant's work at Wal-Mart contributed to the worsening of her condition, thus shifting responsibility for the condition to Wal-Mart. The Board ordered Wal-Mart to pay $1,000 in attorney fees under ORS 656.382(2) for the appeal to the Board. Wal-Mart then sought review of the merits of the Board's order in this court.

Wal-Mart assigned two errors to the Board's order. First, Wal-Mart argued that the Board erred in not applying ORS 656.308(1) to this case. That statute provides, in part:

"When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition."

Wal-Mart urged this court to reconsider its opinion in *SAIF v. Yokum*, 132 Or App 18, 887 P2d 380 (1994), which held that ORS 656.308(1) applies only when a previous employer has accepted a claim for the current injury. Second, Wal-Mart argued that the Board erred in concluding that claimant's injury occurred while she was employed by Wal-Mart. According to Wal-Mart, the injury actually occurred years earlier while claimant was working for Kinney. Citing *Yokum*, we issued a per curiam decision affirming the Board's order. *Climer*, 171 Or App at 77.

■　The decisive issue is whether ORS 656.382(2) requires that an employer must directly challenge the compensability of an injury or condition on review in order to be liable for the claimant's attorney fees in this court. Claimant contends that she is entitled to attorney fees under ORS 656.382(2) because Wal-Mart sought review of her claim in this court and her compensation was not disallowed or reduced. Wal-Mart argues that the statute applies only when an employer directly challenges the claimant's right to compensation. Wal-Mart contends that claimant is not entitled to attorney fees on review because Wal-Mart did not challenge the compensability of claimant's degenerative disc disease on review.

Wal-Mart's current position before this court is contrary to its arguments on the merits of its appeal. On the merits, Wal-Mart argued that *Yokum* was incorrectly decided. In *Yokum*, we rejected a subsequent employer's argument that responsibility for a current injury remained with the claimant's former employer under ORS 656.308(1) because the former employer had never accepted the current injury. 132 Or App at 23. By arguing that *Yokum* was incorrectly decided, as opposed to arguing that *Yokum* did not govern this case, Wal-Mart implicitly conceded that Kinney had not accepted claimant's current disc disease. As further confirmation of that point, on review Wal-Mart did not challenge the Board's finding that Kinney had never accepted claimant's disc disease.

■ We agree with Wal-Mart that more than mere responsibility must be at issue on review for ORS 656.382(2) to apply. *See, e.g., Ray Schulten's Ford v. Vijan*, 105 Or App 294, 804 P2d 1196 (1991) (holding that claimant was not entitled to attorney fees under ORS 656.382(2) when the only issue in the case was responsibility and compensation would not be affected by the decision). However, by seeking review of the Board's decision, Wal-Mart necessarily placed claimant's entitlement to compensation for her current claim for medical services at issue.

Our decision in *SAIF v. Bates*, 94 Or App 666, 767 P2d 87 (1989), is instructive. In *Bates*, we held that the claimant was entitled to attorney fees under ORS 656.382(2) for an employer's appeal to the Board. On appeal, the employer sought to shift responsibility for the claim to another employer. We held that the Board erred in denying attorney fees, even though the appealing employer had not denied compensability, because the employer to whom it had attempted to shift responsibility denied compensability.

This case differs from *Bates* in two inconsequential respects. First, claimant seeks attorney fees on review to this court, rather than at the Board level. That difference is immaterial because ORS 656.382(2) applies to both levels of review. Second, unlike in *Bates*, Kinney has not formally denied the compensability of claimant's current claim for medical services. However, neither has Kinney accepted that

claim. Had we reversed and remanded the Board's order, claimant's entitlement to compensation could have become an issue between Kinney and claimant, even though on appeal Wal-Mart did not argue, in particular, that the claim was not compensable. *See Dennis Uniform Manufacturing v. Teresi*, 115 Or App 248, 837 P2d 984 (1992), *on recons* 119 Or App 447, 851 P2d 620 (1993) (holding that compensability was necessarily at issue on appeal to the Board, even though the parties did not raise compensability on appeal, because compensability was an issue before the referee, and the Board has *de novo* review). Therefore, claimant's right to compensation was placed at risk and she was justified in actively participating on review in order to protect that right. Because we did not disallow or reduce claimant's compensation, claimant is entitled to attorney fees under ORS 656.382(2).[2]

Petition for attorney fees allowed in amount of $6,747.

---

[2] We reject without discussion Wal-Mart's assertion that the amount of attorney fees sought by claimant is excessive.