Argued and submitted December 21, 1992, reversed and remanded for
reconsideration March 3, 1993

## In the Matter of the Compensation of
## Armand J. DeRosset, Claimant.

## SMURFIT NEWSPRINT,
*Petitioner,*

*v.*

## Armand J. DEROSSET,
*Respondent.*

## (90-11927; CA A74998)

848 P2d 116

Jerald P. Keene and Roberts, Reinish, Mackenzie, Healey & Wilson, P.C., Portland, filed the brief for petitioner.

Amy Kent, Portland, argued the cause for respondent. With her on the brief were Charles S. Tauman and Bennett & Hartman, Portland.

Before Richardson, Presiding Judge, and Rossman and Deits, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Smurfit Newsprint, a self-insured employer, seeks review of an order of the Workers' Compensation Board holding that it must process claimant's request for knee surgery. We reverse and remand for reconsideration.

Claimant suffered a compensable knee injury in 1977, while working for Smurfit, then insured by EBI.[1] He had surgery to repair a tear of the lateral meniscus. The claim was closed with an award of time loss and permanent partial disability. Claimant again injured his knee in 1984, while working for Smurfit, which had apparently become self-insured.[2] A claim for the injury, which was listed on the claim form as involving only a burn to the knee, was accepted and processed by Smurfit, as self-insured. As a part of the 1984 claim, Smurfit paid benefits for treatment of a knee strain. In the litigation of this claim, a question arose concerning whether the knee strain had been accepted as a part of the 1984 claim. The Board found that it had not been; it treated the 1984 knee strain as a new claim and found that it was compensable. Smurfit does not challenge that determination.

In 1988, claimant's doctor recommended a total left knee replacement. EBI, as Smurfit's insurer at the time of the 1977 injury, authorized knee replacement surgery and requested that the Board reopen the 1977 claim on its own motion. The Board did so. Claimant requested a hearing, contending that the 1988 surgery should not have been processed under the Board's own motion as a reopening of the 1977 claim, but rather as an aggravation of the 1984 injury. Smurfit denies that the surgery is related to the 1984 injury.

ORS 656.308(1) provides:

"When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the

---

[1] The Board's order says that claimant worked for Publishers Paper Company, insured by EBI, at all relevant times. At oral argument, claimant's attorney advised the court that claimant has always worked for "Smurfit/Publishers Paper Company." We assume that Smurfit and Publishers Paper are one in the same, that Smurfit was insured by EBI at the time of the 1977 injury, and that it later became self-insured.

[2] We say "apparently," because it is not clear from the record, briefs or the Board's order when Smurfit became self-insured.

compensable condition unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer."

In *SAIF v. Drews*, 117 Or App 596, 845 P2d 217 (1993), we held that, in order to shift responsibility to a subsequent employer under ORS 656.308(1), the first employer has the burden to establish that the claimant experienced a new injury at the subsequent employment. That is established if it is shown that the subsequent incident is a material contributing cause of the claimant's disability or need for treatment. Here, the Board found that the 1984 incident, after Smurfit became self-insured, was a new injury. Smurfit does not dispute that finding. The Board also said that

"there may be a dispute about whether claimant's 'knee condition' as it existed on June 15, 1988, when surgery was recommended * * * was related to the * * * 1984 injury."

It held, however, that, because the 1984 injury was a new injury, under ORS 656.308(1), Smurfit, as a self-insured employer, was required to "process all *further* compensable medical services and disability involving claimant's left knee 'condition' as a part of that new injury claim." (Emphasis Board's.)

Smurfit contends that the Board erred because, before assigning Smurfit responsibility for the claim, it failed to determine that the need for surgery is related to the 1984 injury.

■ ORS 656.308(1) is presumably intended to simplify the processing of claims involving multiple employers or insurers and successive compensable injuries involving the same condition or body part. We conclude that, when benefits are sought for "further compensable medical services and disability subsequent to a new injury," ORS 656.308 is applicable if it is determined that the "further" disability or treatment for which benefits are sought is compensable, *i.e.*, that it is materially related to a compensable injury, and that it involves a condition that has previously been processed as a part of a compensable claim. Responsibility is then assigned

to the employer or insurer with the most recent accepted claim for that condition.

■■ By accepting the claim, EBI has conceded that the surgery is materially related to the 1977 injury and, therefore, compensable. Smurfit also concedes that the surgery is compensable. The remaining question for the Board to decide is whether the surgery involves the same condition as was determined to be compensable in either 1977 or 1984. If it does, then either EBI or Smurfit, the one with the most recent accepted claim for the condition, must process the claim pursuant to ORS 656.308(1). If it does not involve the same condition, then the statute is inapplicable, and the claim should be processed without regard to it.

Reversed and remanded for reconsideration.