Argued and submitted July 14, reversed December 29, 1999

In the Matter of the Compensation of
David E. McAtee, Claimant.

MULTIFOODS SPECIALTY DISTRIBUTION,
*Petitioner,*

*v.*

David E. MCATEE,
*Respondent.*

(97-01943; CA A101980)

993 P2d 174

Jerald P. Keene argued the cause and filed the brief for petitioner.

Donald M. Hooton argued the cause and filed the brief for respondent.

Before Linder, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

BREWER, J.

**BREWER, J.**

Employer seeks review of a Workers' Compensation Board order overturning its denial of claimant's combined condition. We review for substantial evidence and errors of law, ORS 656.298(7), ORS 183.482(7), (8), and reverse.

In 1981, claimant suffered a compensable low-back injury while working for Papa John's Sandwich Co. Wausau Insurance Co. accepted the claim, and claimant underwent a lumbar laminectomy and discectomy at L5-S1. The post-operative diagnosis was a right side herniated disc at that location. The claim was closed in 1982 with a determination order that awarded claimant 20 percent unscheduled disability and 5 percent right leg disability. The claim was re-opened in 1983. The physicians who treated claimant at that time diagnosed a worsening of claimant's low-back condition with symptoms on both sides of the back, including recurrent disc herniation at L5-S1 and degenerative disc disease. In August 1983, Wausau accepted the reopened claim as an aggravation, and claimant had a second surgery at L4-5 and L5-S1, including a lumbar laminectomy, two-level bilateral discectomy, and fusion of the iliac bone. The claim was closed again with claimant receiving a further award of permanent partial disability arising from the second surgery.

Claimant began working for Multifoods Specialty Distribution (employer) thereafter. He experienced no significant recurring low-back problems until November 1996, when he slipped at work and suffered an acute low-back strain. X-rays taken at the time disclosed severe post-operative and degenerative changes at L4-5 and L5-S1 and mild to moderate degenerative changes at other lumbar levels. Claimant's physician concluded that the November 1996 strain combined with claimant's preexisting low-back condition and required treatment.

On January 30, 1997, employer accepted the 1996 injury as "acute lumbar strain (combined condition)." On January 31, employer issued a denial pursuant to ORS 656.262(7)(b) stating "[c]urrent medical evidence indicates your pre-existing condition is now the major contributing cause for medical treatment." Employer closed the claim with

an award of benefits through January 31, 1997. Claimant requested a hearing, and an administrative law judge (ALJ) upheld the denial. Claimant then appealed to the Board. The Board reversed the ALJ on the ground that, although the new injury was no longer the major contributing cause of the need for treatment, employer remained responsible for the preexisting component of claimant's combined condition, because responsibility for the preexisting condition had shifted to employer under ORS 656.308(1). This petition for review followed.

We begin our analysis by examining the statutes that interact in the resolution of this case.

ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

It is undisputed that claimant's November 6, 1996, strain was a compensable injury and that it combined with his preexisting compensable degenerative back condition to require treatment. It is also undisputed that, until January 30, 1997, the November 1996 injury was the major contributing cause of the combined condition and the need for treatment.

In the Board's view, because claimant's preexisting low-back condition was compensable, this case is controlled by ORS 656.308(1), which provides:

"When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition *unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer.*

The standards for determining the compensability of a combined condition under ORS 656.005(7) shall also be used to determine the occurrence of a new compensable injury or disease under this section." (Emphasis added.)

The Board found that, although claimant's new compensable injury is a strain rather than a degenerative back condition, claimant's accepted combined condition "involves the same degenerative changes and related surgeries that were part of the accepted claim with Wausau." It concluded, therefore, that responsibility for claimant's preexisting condition shifted in its entirety to employer under ORS 656.308(1). The Board further reasoned that, because of the shift in responsibility under ORS 656.308(1), the claim was not subject to the provisions for preclosure denial found in ORS 656.262(6)(c) and ORS 656.262(7)(b).[1] It determined that those provisions apply only in the context of combined condition claims involving preexisting *noncompensable* conditions.

■ We first consider the text of ORS 656.308. The first sentence provides that when a worker sustains a compensable injury, the responsible employer shall remain responsible "for future compensable" medical services and disability unless that worker sustains a "new compensable injury" involving the "same condition." The second sentence provides that "[i]f a new compensable injury" occurs, then "all further compensable" medical services and disability for that same condition, *i.e.*, the preexisting compensable injury, shall be the responsibility of the subsequent employer and shall be processed by that subsequent employer as a new injury claim. The second sentence necessarily implies that if it is

---

[1] ORS 656.262(6)(c) provides:

"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

ORS 656.262(7)(b) provides:

"Once a worker's claim has been accepted, the insurer or self-insured *employer must issue a written denial* to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed."

determined that a "new compensable injury" involving the same condition occurred, then the former employer is relieved of responsibility for the same condition, because the latter employer is now responsible for that condition. The third and final sentence of ORS 656.308(1) provides that the standard for determining whether the worker sustains a new compensable injury shall be the standard for determining the compensability of a "combined condition" in ORS 656.005(7).

In *SAIF v. Drews*, 318 Or 1, 860 P2d 254 (1993), the Supreme Court considered the potential interplay of ORS 656.005(7)(a)(B) and ORS 656.308(1) and determined that the standard set out in ORS 656.005(7)(a)(B) for determining the compensability of combined conditions is applicable for the purpose of determining whether a worker has sustained a "new compensable injury" so as to shift responsibility to the subsequent employer. Implicit in the court's reasoning is its assumption that ORS 656.308(1) encompasses "combined condition[s]," as the term is discussed in ORS 656.007(a)(B).

The court said:

" 'Compensable injury' [as used in ORS 656.308(1)] encompasses an application of the criteria found in ORS 656.005(7)(a), including the limitations found in subparagraphs (A) and (B) of that statute, in making an initial determination of compensability. If the accidental injury described in paragraph (a) *combines* with a preexisting condition, a determination is made under subparagraph (B) whether the accidental injury described in paragraph (a) is 'the major contributing cause of the disability or need for treatment.' *That determination is made under subparagraph (B) whether or not the preexisting condition was compensable." Id.* at 8-9 (emphasis added).

In *Drews*, the court also said:

"If the preexisting condition was compensable, then the provisions of ORS 656.308(1) apply to determine whether responsibility shifts to the subsequent employer. If the accidental injury described in ORS 656.005(7)(a) was found not to be 'the major contributing cause' under subparagraph (B), then the first sentence of ORS 656.308(1) applies, because the claimant has not sustained a 'new compensable injury involving the same condition' and, thus, the first employer remains responsible. *If the accidental injury*

*described in paragraph (a) of ORS 656.005(7) was found to be 'the major contributing cause' under subparagraph (B), then the second sentence of ORS 656.308(1) applies, because a new compensable injury has occurred, and responsibility shifts to the subsequent employer." Id.* at 9 (emphasis added).

The court's language must not be read to sidestep the express limitation of ORS 656.308(1) that the new compensable injury "involv[e] the same condition" as the earlier compensable injury. *Drews* indeed involved an original compensable condition that was the same condition as the later injury. In the context of its facts, the court's precise holding in *Drews* is that, if a worker experiences a new compensable injury *involving the same condition as the original compensable injury*, the provisions of ORS 656.308(1) and the major contributing cause standard of ORS 656.005(7)(a)(B) are applicable for the purpose of determining whether responsibility for the earlier injury shifts to the subsequent employer. The court reached no conclusion with respect to the circumstance now before us, when the new compensable injury is not the same condition as the original compensable injury.

The Board in this case extended the application of ORS 656.308(1) a step further than *Drews* and implicitly reasoned that, when a new compensable injury combines with an original compensable injury, it necessarily involves that same condition, as required by ORS 656.308(1). We reject that analysis and agree with employer that this claim for a strain does not involve the same condition previously accepted and that ORS 656.308(1) is therefore inapplicable.

In several of our cases, we have read the words of ORS 656.308(1) to require a shift of responsibility only when the claimant's new compensable injury is for or includes *the same condition* previously accepted. In *Sanford v. Balteau Standard/SAIF Corp.,* 140 Or App 177, 182, 914 P2d 708 (1996), we said that "under ORS 656.308(1), responsibility for claimant's 1993 treatment is assigned to the insurer with the most recent accepted claim involving *that same condition.*" (Emphasis added.)

In *SAIF v. Yokum,* 132 Or App 18, 23, 887 P2d 380 (19   ), we said "for [ORS 656.308(1)] to be triggered, there

must be an accepted claim *for the condition.*" (Emphasis added.)

In *Smurfit Newsprint v. DeRosset,* 118 Or App 368, 371-72, 848 P2d 116 (1993), we said:

"We conclude that, when benefits are sought for 'further compensable medical services and disability subsequent to a new injury,' ORS 656.308 is applicable if it is determined that the 'further' disability or treatment for which benefits are sought is compensable, *i.e.*, that it is materially related to a compensable injury, and that *it involves a condition that has previously been processed as a part of a compensable claim. Responsibility is then assigned to the employer or insurer with the most recent accepted claim for that condition.*" (Emphasis added.)

On remand from our decision in *Sanford*, the Board also concluded that a new injury "involve[s]" the same condition so as to give rise to a shift of responsibility under ORS 656.308(1) only when the new injury for which compensation is sought is the same condition previously processed as a part of a compensable claim. *Archiel F. Sanford,* 49 Van Natta 122, 123 (1997); *see also Fred L. Dobbs,* 50 Van Natta 2293, 2296-97 (1998).

■ ■ We note, particularly, that for ORS 656.308(1) to apply, it is the *new injury*, not the *claim*, that must involve the same condition. A combined condition may be a part of the claim, but it is not the new injury. A new injury leading to a combined condition certainly could, but need not, involve the same condition previously accepted. Each case is dependent on its facts. Here, claimant's earlier accepted claims were for a herniated disc and degenerative changes. Claimant's new compensable injury is a lumbar strain. Thus, claimant's new injury does not involve the same conditions earlier accepted. Furthermore, employer's acceptance of a strain that combined with a previously accepted condition was not an outright acceptance of the earlier condition itself. The Board has so held in at least two cases. *See Mitchell D. Joy,* 50 Van Natta 824, 825 (1998); *Karen S. Carman,* 49 Van Natta 637 (1997); *compare Freightliner v. Christensen,* 163 Or App 191, 986 P2d 1263 (1999) ("Where employer accepted low back 'pain,' it accepted all the conditions that the medical

evidence shows underlie the low back pain, including claimant's preexisting degenerative back conditions.") Rather, it is the "combined condition" that is accepted, and only to the extent that the work injury was the major contributing cause of disability or the need for treatment of the combined condition. *SAIF v. Nehl*, 149 Or App 309, 315, 942 P2d 859 (1997), *rev den* 326 Or 389 (1998).

■ Claimant asserts that the term "involves" lends itself to a broader meaning than the one we now give it and that the word "involves" necessarily encompasses "combines." We disagree. The very fact that the legislature chose different words is a strong indication that it intended different meanings. The legislature has not chosen, however, to define either term. The pertinent dictionary definition of "involve" is "to have within or as part of itself: contain, include." *Webster's Third New Int'l Dictionary*, 1191 (unabridged ed 1993). Thus, a new injury involves the same condition as the earlier accepted injury when it has the earlier compensable injury within or as part of itself.

The term "combine" has a broader common meaning. It is an adjective derived from the verb "to combine," which has several pertinent, plain, and ordinary meanings: "to bring into close relationship: to join in physical or chemical union; * * * to cause to unite or associate harmoniously * * *; to cause * * * to mix together: * * * to become one: coalesce, integrate." *Id.* at 452. Thus, a combined condition may, but need not, integrate or join together two distinct conditions. A combined condition may merely bring those conditions into a close relationship or cause them to associate "harmoniously." There is nothing in the text or context of ORS 656.005(7)(a)(B) to suggest that the legislature intended to limit the term "combined" to only one of those possible common meanings. We therefore conclude that a combined condition may constitute either an integration of two conditions or the close relationship of those conditions, without integration. *See* ORS 174.010; *J.R. Simplot Co. v. Dept. of Rev.*, 321 Or 253, 261, 897 P2d 316 (1995) (the court may not narrow the broad ordinary meaning of a statutory term when the text and context do not justify the limitation). Thus, a condition that "combines" with another does not necessarily "involve" the other.

■ ■   Ordinarily, the question whether a new injury involves the same condition would be a question of fact. *See Sanford,* 140 Or App at 182; *Smurfit Newsprint,* 118 Or App at 372. Here, however, we can conclude as a matter of law that, although claimant's lumbar strain *combined* with the earlier accepted degenerative condition, it is not one involving the previously accepted degenerative condition, because there is no evidence that the strain has the previously accepted condition within or as a part of itself. Accordingly, we conclude that claimant's new injury does not involve the same condition previously subject to an accepted claim. For that reason, we hold that ORS 656.308(1) is inapplicable and that responsibility for claimant's previously accepted degenerative condition remains with Wausau. The Board therefore erred in concluding that responsibility for claimant's previously accepted degenerative low-back condition shifted to employer.

Because of our disposition, we need not determine whether, if ORS 656.308(1) had been applicable, the provisions of ORS 656.262(6)(c) and (7)(b) would be applicable. On that point, see our discussion in *Barrett Business Services v. Morrow,* 164 Or App 628, 993 P2d 179 (1999).

Reversed.