Argued and submitted September 22, 1998, affirmed December 29, 1999

In the Matter of the Compensation of
Daral T. Morrow, Claimant.

BARRETT BUSINESS SERVICES,
*Petitioner,*

*v.*

Daral T. MORROW,
*Respondent.*

(WCB 96-06161, 95-08182; CA A100632)

993 P2d 179

Scott H. Terrall argued the cause for petitioner. On the brief were Travis L. Terrall and Terrall & Associates.

Michael Strooband argued the cause for respondent. With him on the brief was Bischoff, Strooband & Ousey, P.C.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Petitioner Barrett Business Services (Barrett) seeks review of a unanimous en banc order and an order on reconsideration of the Workers' Compensation Board that set aside a denial of claimant's current condition and awarded claimant permanent partial disability. We review for substantial evidence and errors of law, ORS 183.482(8) and ORS 656.298(7), and affirm.

In 1991, claimant injured his low back while working for an employer who was insured by SAIF. SAIF accepted a lumbosacral strain and the claim was closed in 1992 with an award of permanent partial disability. In June 1994, while working for Barrett, claimant sustained another low back injury, which was also diagnosed as lumbosacral strain. Both SAIF and Barrett denied compensability and responsibility for claimant's low back condition. Applying ORS 656.308(1), the administrative law judge (ALJ) and the Board held that the June 1994 injury was the major contributing cause of claimant's current disability and need for treatment. Thus, claimant sustained a new injury and Barrett was held responsible. We affirmed. *Barrett Business Services v. Morrow*, 142 Or App 311, 920 P2d 181 (1996).

Barrett issued a notice of closure, which did not award claimant any permanent disability. However, a reconsideration order awarded claimant three percent unscheduled permanent disability. Barrett requested a hearing seeking the elimination of any permanent disability.

Meanwhile, in May 1995, Dr. Geist examined claimant at the request of Barrett. ORS 656.325(1)(a). Geist concluded that claimant's symptoms were a recurrence of the 1991 SAIF injury and that the 1994 injury was not the major contributing cause of claimant's current need for treatment. Based on Geist's report, in July 1995 Barrett issued a denial, stating that the 1994 injury was not the major contributing cause of claimant's current disability or need for treatment. The denial stated that there was "no medical information to substantiate that the [June 1994 injury was] the major contributing cause of [claimant's] current low back condition." Rather, Barrett again suggested that the 1991 SAIF injury

remained the cause of claimant's current low back condition. The ALJ, relying on Geist's report, agreed with Barrett. The ALJ also eliminated claimant's award of permanent disability. The Board reversed the ALJ's order and reinstated the award of three percent unscheduled permanent partial disability.

On review, Barrett raises several arguments. It asserts that the Board erred in treating its July 1995 denial as denying only responsibility for claimant's current low back condition, contending that it also denied the compensability of that same condition. Barrett also argues that ORS 656.262(6)(c) and ORS 656.262(7)(b) authorize its July 1995 denial and challenges the Board's holding that ORS 656.308(1) prohibits Barrett from issuing its July 1995 denial because responsibility for claimant's 1991 strain has shifted to Barrett. Finally, Barrett argues that claimant is not entitled to any permanent disability.

■ ORS 656.308(1) provides:

"When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition. *If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer.* The standards for determining the compensability of a combined condition under ORS 656.005(7) shall also be used to determine the occurrence of a new compensable injury or disease under this section." (Emphasis added.)

At the outset, we note that in *Multifoods Specialty Distribution v. McAtee*, 164 Or App 654, 993 P2d 174 (1999), we held that, for the purpose of ORS 656.308(1), a new compensable injury "involves the same condition" when the new compensable injury encompasses, or has as part of itself, the prior compensable injury. In that circumstance, responsibility for the claimant's prior compensable injury shifts to the subsequent employer, and "all further compensable medical services and disability involving the same condition [as the prior injury] shall be processed as a new injury claim by the

subsequent employer." We understand that statutory language to mean that all further medical treatment and disability compensably related to the prior compensable injury become the responsibility of the subsequent employer and are to be processed as a part of the new injury claim.

■■■ With that understanding in mind, we note that in this case it is undisputed that claimant's circumstances fall within ORS 656.308(1) and that the second lumbar strain involves the same condition as the earlier lumbar strain. There is an unchallenged finding that claimant's new compensable strain is the same condition previously accepted by SAIF. Accordingly, we do not address whether claimant's new compensable injury involves the same condition as the earlier accepted claim.[1] Pursuant to ORS 656.308(1), responsibility for claimant's preexisting strain shifted to Barrett. The remaining question is whether Barrett could nonetheless issue its July 1995 denial pursuant to ORS 656.262(6)(c) and ORS 656.262(7)(b).[2] In construing those statutes, we apply the familiar methodology described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). We first examine the text of the statutes, because the words of the statute are the best evidence of the legislature's intent. *Id.* at 610. Also at the first level of analysis we consider rules of statutory construction that bear directly on how to read the statutes. For example, we are neither to insert words into a statute that have been omitted nor are we to omit words from a statute that have been inserted. ORS 174.010. Finally, at

---

[1] We do not understand how a 1991 strain and a 1994 strain are the same condition.

[2] ORS 656.262(6)(c) provides:

"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

ORS 656.262(7)(b) provides:

"Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed."

the first level of analysis we consider the context of the statutory provisions at issue that include other provisions of the same or related statutes. *Id.* at 611.

ORS 656.262(6)(c) relates to the processing of a claim for a combined condition. It provides that a self-insured employer or insurer's acceptance of a *combined* condition under ORS 656.005(7) shall not preclude it from later denying the compensability of the combined condition if the compensable injury ceases to be the major contributing cause of the combined condition. ORS 656.262(7)(b) provides that once a claim has been accepted, the self-insured employer or insurer must issue a written denial when the accepted injury is no longer the major contributing cause of the combined condition before claim closure.

We considered the operation of those statutes in *SAIF v. Belden*, 155 Or App 568, 964 P2d 300 (1998). The precise issue there was whether ORS 656.262(6)(c) and (7)(b) applied retroactively. *Id.* at 571. In deciding the question, we considered why those statutes were enacted in 1995. Before 1995, "once an insurer had accepted a combined condition [under the terms of ORS 656.005(7)(a)(B)] it could not avoid paying for compensation for that condition, even if it were no longer compensable." *Id.* at 573. ORS 656.262(6)(c) gave the self-insured employer or insurer the opportunity to "accept a combined condition pursuant to ORS 656.005(7)(a)(B) without being concerned that it will be obliged to continue to pay compensation for that condition if it stops being compensable." *Id.* at 574. ORS 656.262(7)(b) gave the self-insured employer or insurer a procedure to follow in order to take advantage of the ability to deny a combined condition if it ceased to be the major contributing cause of the worker's need for treatment or disability. We concluded that "an insurer may now deny an accepted [combined] condition when it is no longer compensable. However, to be effective under ORS 656.262(7)(b), the denial must be issued to the claimant, in writing, before claim closure." *Id.* at 575.

Thus, ORS 656.262(6)(c) and (7)(b) provide a procedural "way out" for the employer who has accepted a *combined* condition under ORS 656.005(7)(a)(B) when the "otherwise compensable" injury is no longer the major contributing

cause of the combined condition. The Board concluded that, despite the existence of ORS 656.262(6)(c) and (7)(b), Barrett could not deny claimant's current condition before claim closure, because Barrett had accepted a "new compensable injury" under ORS 656.308(1) and, under the terms of the second sentence of that statute, it is now fully responsible for claimant's preexisting compensable condition and all of its treatment. The Board further supported its conclusion by reasoning that ORS 656.262(6)(c) and (7)(b) do not explicitly provide that they apply when the preexisting injury is compensable and the claimant experiences a "new compensable injury" under ORS 656.308(1).

Contrary to that second portion of the Board's reasoning, we conclude that the texts of ORS 656.262(6)(c) and (7)(b) do not exclude from their scope combined conditions involving preexisting compensable conditions. They speak about combined conditions generally and without limitation. On their face, they apply to all accepted claims for combined conditions. We will not read language into the statutes that the legislature has not included. ORS 174.010; *SAIF v. Drews*, 318 Or 1, 6, 860 P2d 254 (1993).

Nonetheless, we conclude that the Board reached the correct result, based on the language of ORS 656.308(1) and the Supreme Court's opinion in *Drews*. In *Drews*, the court said:

> "If the preexisting condition was compensable, then the provisions of ORS 656.308(1) apply to determine whether responsibility shifts to the subsequent employer. If the accidental injury described in ORS 656.005(7)(a) was found not to be the 'major contributing cause' under subparagraph (B), then the first sentence of ORS 656.308(1) applies, because the claimant has not sustained a 'new compensable injury involving the same condition' and, thus, the first employer remains responsible. *If the accidental injury described in paragraph (a) of ORS 656.005(7) was found to be 'the major contributing cause' under subparagraph (B), then the second sentence of ORS 656.308(1) applies, because a new compensable injury has occurred, and responsibility shifts to the subsequent employer.*" *Id.* at 9 (emphasis added).

As we said in *Multifoods*, the second sentence of ORS 656.308(1) referred to by the court in *Drews* compels the conclusion that when, as here, ORS 656.308(1) is applicable and responsibility for a preexisting compensable condition shifts to the subsequent employer, the subsequent employer becomes responsible "for any future compensable medical treatment or disability" of the preexisting condition. Contrary to employer's argument, it may not later deny responsibility for treatment or disability related to the preexisting condition on the ground that the new compensable injury is no longer the major contributing cause. Because claimant has experienced a new compensable injury involving the same condition as the previous compensable injury, responsibility for the entire preexisting condition, its medical treatment and disability, has shifted forward and it may not shift back. Responsibility remains with the subsequent employer unless and until the claimant experiences another new compensable injury involving the same condition at a subsequent employment, in which case responsibility would once again shift forward.[3] There is no room in the statutory language for employer's theory that responsibility may shift back to the original employer if the new compensable injury is no longer the major contributing cause of the disability and need for treatment. Once there has been a new compensable injury, responsibility shifts from the previous employer.

Barrett takes the position that ORS 656.308(1) assigns to it responsibility only for "compensable" medical treatment and disability, and that such benefits are not "compensable" unless the new compensable injury is their major contributing cause. Accordingly, it contends, it may deny those benefits when the new compensable injury is no longer their major contributing cause. We reject that reading of the statute. The second sentence of the statute plainly assigns to the subsequent employer responsibility for any future compensable medical treatment and disability *relating to the original, compensable injury*. The compensability of that treatment and disability is not contingent on the second injury remaining as their major contributing cause.

---

[3] We make no suggestion concerning the implication of a subsequent off-the-job injury.

We recognize that our interpretation of ORS 656.308(1) is potentially at odds with our conclusion that ORS 656.262(6)(c) and (7)(b) apply to combined conditions involving preexisting compensable conditions. The potential conflict is narrow, however. ORS 656.308 applies only when the original compensable injury and the second injury involve the same condition. ORS 656.262(6)(c) and (7)(b) apply to all combined conditions. If, as employer suggests, it can now deny future treatment and disability related to the preexisting compensable injury, then that would substantially undermine ORS 656.308. Our interpretation best preserves the integrity of each statute.

The Board correctly held that Barrett is precluded from denying treatment for claimant's current condition. Furthermore, we conclude that the Board's award of permanent disability is supported by substantial evidence.

Affirmed.