Argued and submitted June 12, reversed and remanded for reconsideration
December 17, 2003

In the Matter of the Compensation of
Terry R. Myers, Claimant.

SAIF CORPORATION
and Roberts Motor Co., Inc.,
*Petitioners,*

*v.*

Terry R. MYERS,
Associated Fruit Co.,
and Liberty Northwest Insurance Corp.,
*Respondents.*

00-07268, 00-07267, 00-01987; A116842

82 P3d 638

David L. Runner argued the cause and filed the briefs for petitioners.

Robert F. Webber argued the cause for respondent Terry R. Myers. With him on the brief was Black, Chapman, Webber, Stevens & Petersen.

David O. Wilson argued the cause for respondents Associated Fruit Co. and Liberty Northwest Insurance Corp. On the brief was Darren W. Lee.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

SAIF Corporation seeks review of an order of the Workers' Compensation Board in which the board upheld Liberty Northwest Insurance Corporation's (Liberty NW) denial of responsibility for claimant's current low back condition, set aside SAIF's responsibility denial of claimant's current low back condition, and remanded the claim to SAIF for processing.

The issue on review is which of two insurers is responsible, pursuant to ORS 656.308(1),[1] for claimant's compensable current low back condition requiring surgery. We agree with SAIF and claimant, who is a respondent on review, that a final order of Administrative Law Judge (ALJ) Mills, assigning responsibility to Liberty NW for claimant's low back condition, precludes Liberty NW from denying responsibility for claimant's low back condition. We accordingly reverse the board's order and remand for reconsideration in light of that determination.

The facts are largely undisputed. Claimant has had multiple work-related back injuries. In January 1984, claimant strained his back while working for SAIF's insured, Roberts Motor Co. (Roberts). SAIF accepted the claim as nondisabling. Claimant again injured his back while working for Roberts in December 1984. SAIF accepted a claim for that injury as well and, in 1988, paid for surgery for a herniated disc arising out of the December 1984 incident.

Claimant's back problems continued after the surgery, but he managed with only intermittent treatment until September 25, 1997, when he again injured his back while working for Associated Fruit Company (Associated Fruit),

---

[1] ORS 656.308(1) provides:

"When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer."

Liberty NW's insured. Medical reports indicated that claimant's symptoms were similar to those that he had experienced for many years and that claimant's disc pathology had not changed as a result of the 1997 injury. Doctors opined that he had experienced a lumbar strain as a result of the 1997 incident but that the strain had resolved and claimant was again suffering from chronic low back pain relating to his preexisting disc pathology.

Both Liberty NW and SAIF denied claims for treatment, including possible surgery, relating to the September 1997 incident. In its denials of March 24, 1998, March 25, 1998, and April 29, 1998, SAIF denied responsibility for claimant's request for surgical treatment of a disc herniation. In letters dated January 6, 1998, and May 4, 1998, Liberty NW also denied responsibility, explaining that "[t]he information further indicates that your preexisting low back condition is the major contributing cause of your current condition and need for treatment" and that "your employment with Associated Fruit Company is not the major contributing factor of your condition of herniated nucleus pulposus, L5-S1, with S1 radiculopathy." Claimant requested a hearing.

Mills described the issues under consideration as "the compensability of and responsibility for claimant's low back condition following an incident occurring * * * in September of 1997." He found that claimant had sustained a lumbar strain as a result of the September 1997 incident that had temporarily combined with his preexisting low back condition, but that the strain had resolved and the incident had not caused a change in claimant's ongoing spinal pathology. Mills found, nonetheless, that claimant's condition after the 1997 incident

> "was essentially the same as the condition which was accepted by SAIF arising from the 1984 injury. Accordingly, ORS 656.308 applies. Under that statute, SAIF remains responsible for claimant's low back condition unless a new injury occurred with the more recent employer."

Mills concluded that the September 1997 incident at Associated Fruit was a new injury involving the same condition that SAIF had accepted in 1984. Accordingly, Mills held, responsibility for claimant's low back condition shifted to

Liberty NW pursuant to ORS 656.308. Mills upheld each of SAIF's three denials of claimant's condition and set aside Liberty NW's denials. Mills further ordered that "[c]laimant's claim for a low back strain following his September 25, 1997, injury is remanded to [Liberty NW] for processing as required by Oregon law." There was no appeal of Mills's order.

Claimant's back problems continued. Medical evidence indicated that his back pain was disc related and that any strain that he had experienced in 1997 had long since resolved. Medical reports differed as to what had caused the flare-up in disc-related pain, but at least three physicians expressed the opinion that the September 1997 incident probably contributed. In January 2000, Liberty NW denied responsibility for claimant's current condition, explaining that its acceptance of the 1997 injury had been limited to the lumbar strain, that the strain had resolved, and that claimant's current need for treatment was unrelated to the accepted condition. In September 2000, SAIF also denied responsibility, asserting that Liberty NW was responsible for claimant's current condition because of its responsibility for the 1997 injury, which, it asserted, had involved the same disc condition. Claimant requested a hearing.

ALJ Mongrain found that claimant's current condition involved the same condition as the September 1997 claim, for which responsibility had been assigned to Liberty NW, and held that Liberty NW remained responsible for the claim. Mongrain reasoned that he was bound by Mills's order holding that, when claimant sustained a new injury in 1997 involving the same condition that had been accepted by SAIF in 1984, responsibility for claimant's back condition had shifted from SAIF to Liberty NW pursuant to ORS 656.308. Citing our opinion in *Multifoods Specialty Distribution v. McAtee*, 164 Or App 654, 993 P2d 174 (1999), *aff'd*, 333 Or 629, 43 P3d 1101 (2002), Mongrain further found that claimant's current condition "involves the same condition as the earlier accepted injury."

The board reversed, concluding that the previous order had no preclusive effect with respect to claimant's current condition, reasoning that the compensability of the current condition had not and could not have been litigated

before Mills; rather, the board reasoned that the hearing before Mills had concerned only the compensability of and responsibility for claimant's 1997 injury. The board concluded that "[c]ompensability of claimant's current back condition was not 'actually litigated' at the prior hearing and there was no opportunity to do so. Thus, neither issue nor claim preclusion applies to the present proceeding." The board took the view that claimant's current condition, including disc-related pain with its origins in the 1984 back injury and subsequent surgery, is different from the lumbar strain that Mills had ordered Liberty NW to accept as a consequence of the 1997 injury. The board found, further, that claimant's current condition involves the same disc-related condition accepted by SAIF in 1984. Accordingly, the board concluded that responsibility for claimant's disc-related condition remains with SAIF.

■ ■  We take a different view of the effect of the first order. The doctrines of issue and claim preclusion apply to workers' compensation proceedings. *Drews v. EBI Companies*, 310 Or 134, 142, 795 P2d 531 (1990). We agree with the board that Mills's order can have no preclusive effect with respect to legal issues or facts that were not and could not have been litigated at the hearing before him, such as the compensability of conditions that developed after the hearing. *See id.* at 139. Further, it is true, as the board observed, that Mills's order requiring Liberty NW to accept claimant's low back strain did not preclude litigation on the compensability of or responsibility for claimant's *current* condition, a fact that would not have existed at the time of the hearing before Mills. What Mills's unchallenged order precludes, however, is relitigation of his determination that responsibility for claimant's low back condition shifted from SAIF to Liberty NW when claimant suffered a new injury involving the same condition in September 1997. Although Mills ordered Liberty NW to accept only a low back strain, he also found that "claimant's condition after the 1997 incident was essentially the same as the condition which was accepted by SAIF arising from the 1984 injury." He held, accordingly, that responsibility for claimant's low back condition shifted to Liberty NW pursuant to ORS 656.308. Absent another

new injury, under ORS 656.308(1), responsibility for claimant's low back condition remains with Liberty NW. *Barrett Business Services v. Morrow*, 164 Or App 628, 635, 993 P2d 179 (1999).

Citing recent case law, Liberty NW asserts that, because Mills found that the 1997 injury had not changed claimant's underlying disc condition and because he limited Liberty NW's acceptance to "low back strain," the shifting of responsibility to Liberty NW was limited to claimant's low back strain. *See, e.g., Multifoods Specialty Distribution v. McAtee*, 333 Or 629, 43 P3d 1101 (2002); *Barrett Business Services*. We need not decide, however, whether the cited cases suggest a "partitioned" approach to the shifting of liability under ORS 656.308, because it is clear that Mills's order required a shifting to Liberty NW of the entire claim, including the preexisting disc condition. It is true that, in finding that claimant had suffered a new injury in September 1997, Mills defined the scope of the compensable claim as a low back strain that combined temporarily with claimant's preexisting disc pathology. But Mills did not limit the shifting of responsibility to Liberty NW to the low back strain. He said, "Under [ORS 656.308], SAIF remains responsible for claimant's *low back condition* unless a new injury occurred with the more recent employer." (Emphasis added.) Having found that claimant had experienced a new injury in the form of a strain while working for Liberty NW's insured, Mills held that responsibility for claimant's entire *low back condition,* including his preexisting disc pathology, shifted to Liberty NW. That is the only plausible reading of Mills's order.

Because the board did not consider the preclusive effect of Mills's order on its determination of responsibility for claimant's current condition, we remand the claim to the board for reconsideration.

Reversed and remanded for reconsideration.