No. 276          April 2, 2025          371

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Brian Barnes, Claimant.

Brian BARNES,
*Petitioner,*

*v.*

CACHE VALLEY ELECTRIC,
*Respondent.*

Workers' Compensation Board
2104715, 2103687, 2103285, 2102179;
A181610

Argued and submitted March 10, 2025.

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Jonathan A. Rose argued the cause for respondent. Also on the brief was MacColl Busch Sato, P.C.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this workers' compensation case, claimant suffered a head injury at work. Employer Cashe Valley Electric accepted as compensable claimant's claims for a contusion, a cervical strain/sprain, a concussion, and post-concussion syndrome. Employer denied claimant's new/omitted medical condition claim for a preexisting cervical arthritic condition identified as cervical spondylosis, but then accepted a combined condition claim consisting of a combining of the compensable cervical strain/sprain with a preexisting arthritic condition. Employer subsequently issued a denial of the combined condition after determining that the compensable cervical strain/sprain ceased to be the major contributing cause of the combined condition. On judicial review, claimant asserts that the Workers' Compensation Board erred in upholding employer's denial of his claim for cervical spondylosis, erred in issuing a "ceases" denial on the combined condition claim, and erred in rejecting his request for attorney fees based on employer's acceptance of the cervical spondylosis as a component of a "combined condition." We review the board's order under ORS 656.298(7) and ORS 183.482(7), (8) for substantial evidence and errors of law, conclude that the board's order is supported by substantial evidence and that there was no error, and therefore affirm.

We summarize the record as it bears on the issues on judicial review. In February 2019, claimant, who worked for employer as a lineman, was injured when a plexiglass window hatch on the roof of his crane cab fell onto his head and knocked him unconscious. Emergency department doctors diagnosed a concussion, a loss of consciousness, and a neck strain.

Claimant saw Dr. Santa-Cruz, his family physician, who opined that claimant's concussion symptoms were resolving but ordered a neurological evaluation and referred claimant for physical therapy, where claimant identified headaches, neck pain and stiffness, sensitivity to light and loud sounds, and issues with balance, dizziness, and speech. Employer accepted a claim for a disabling head contusion, a concussion, and post-concussion syndrome.

Claimant's concussion symptoms slowly resolved but he continued to experience symptoms in his neck. In February 2020, a cervical MRI revealed preexisting degenerative cervical changes, including cervical spondylosis, and cervical disc herniations.

Claimant filed a new/omitted medical condition claim for cervical strain and cervical spondylosis. Employer accepted the cervical strain but denied the cervical spondylosis, explaining that there was "insufficient evidence to show that this condition is related to your injury."

Then, employer modified its acceptance to include "cervical strain/sprain combined with preexisting osteoarthritis of the cervical spine," effective as of the date of injury. Subsequently, employer issued a denial of the combined cervical condition, stating that, no later than July 3, 2020, claimant's compensable condition was no longer the major contributing cause of the symptoms of claimant's "combined cervical condition."

Claimant requested a hearing on employer's denial of the spondylosis and employer's "ceases" denial of the combined condition.[1] An administrative law judge (ALJ) found:

"[T]he medical evidence * * * persuasively establishes that claimant's cervical sprain/strain injury made his preexisting spondylosis condition symptomatic, and that those symptoms required treatment, at least for a period of time. Thus, the record supports a causal relationship between claimant's cervical sprain/strain injury and his preexisting cervical spondylosis on a 'combined condition' basis."

---

[1] A "ceases" denial is a term used by practitioners to describe a denial of a combined condition after acceptance of the condition, as permitted by ORS 656.262 (6)(c) and (7)(b). ORS 656.262(6)(c) provides:

"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005 (7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

ORS 656.262(7)(b) provides:

"Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed."

The ALJ thus upheld employer's denials, finding that, although the medical evidence established the compensability of the symptoms of claimant's preexisting spondylosis "on a 'combined condition' basis," the record did not persuasively establish "that claimant's cervical spondylosis is independently compensable as a condition separate from its status as the 'preexisting condition' component of the accepted combined condition." The ALJ further upheld employer's "ceases" denial of the combined condition, finding that the medical evidence persuasively established that the compensable cervical strain/sprain had ceased to be the major contributing cause of the combined condition. ORS 656.262(6)(c), (7)(b).

The board affirmed the ALJ's order and upheld both employer's denial of the new/omitted medical condition claim for spondylosis and the "ceases" denial of the combined condition. On judicial review, claimant challenges both rulings.

Citing the ALJ's finding that the medical evidence "persuasively establishes that claimant's cervical sprain/strain injury made his preexisting spondylosis condition symptomatic, and that those symptoms required treatment," claimant asserts in his first assignment of error that that finding, affirmed by the board, requires the conclusion that the new/omitted medical condition claim for the preexisting spondylosis is compensable, independent of the combined condition.

Claimant is not correct.[2] A preexisting condition that is exacerbated by a work injury can be compensable, but only if the work injury is the major contributing cause of a pathological worsening of the preexisting condition. *Schleiss v. SAIF*, 354 Or 637, 644 n 2, 317 P3d 244 (2013) ("[A] preexisting condition that is exacerbated by a work injury can be compensable, but only if the work injury is

---

[2] We note that during closing argument before the ALJ, claimant conceded that, although claimant had requested a hearing on the denial of preexisting spondylosis, if the preexisting spondylosis is compensable, "realistically, from claimant's standpoint *** it's compensable as a combined condition." The ALJ noted that in the order, stating that, "At hearing, claimant contended that the cervical spondylosis condition was compensable as part of the combined condition." But the ALJ nonetheless addressed the denial of the cervical spondylosis, which claimant had challenged, and claimant reasserted before the board that the preexisting spondylosis was independently compensable, and it is addressed in claimant's first assignment of error.

the major contributing cause of a 'pathological worsening of the preexisting condition.' ORS 656.225."); *SAIF v. Sprague*, 346 Or 661, 664, 217 P3d 644 (2009) (noting ORS 656.225's "limitations on compensability of preexisting conditions"); *see* ORS 656.225 (In accepted injury or occupational disease claims, disability solely caused by or medical services solely directed to a worker's preexisting condition are not compensable unless "work conditions or events constitute the major contributing cause of a pathological worsening of the preexisting condition."); *see also* ORS 656.802(1)(b) ("If the occupational disease claim is based on the worsening of a preexisting disease or condition pursuant to ORS 656.005(7), the worker must prove that employment conditions were the major contributing cause of the combined condition and pathological worsening of the disease."); *Weller v. Union Carbide*, 288 Or 27, 35, 602 P2d 259 (1979) (To establish the compensability of a preexisting condition, a claimant must prove "that (1) his work activity and conditions (2) caused a worsening of his underlying disease (3) resulting in an increase in his pain (4) to the extent that it produces disability or requires medical services."). Claimant's new/omitted medical condition claim for the preexisting spondylosis, whether claimed as an injury or an occupational disease, was thus subject to proof that claimant's on-the-job injury was the major contributing cause of the pathological worsening of the condition. *Schleiss*, 354 Or at 644 n 2.

Here, the ALJ's finding, as supported by the medical evidence, is that claimant's workplace injury was a material contributing cause of a compensable cervical strain/sprain which, in turn, combined with and made symptomatic the preexisting spondylosis. The finding describes the effect of the compensable cervical strain/sprain on the spondylosis and supports employer's decision to accept it as part of a combined condition, as discussed below. There is no medical evidence, however, that would support a finding that the workplace injury caused claimant's cervical spondylosis or even was a major contributing cause of the worsening of the preexisting spondylosis, such that the condition itself is compensable. The board did not apply an incorrect legal standard or err in upholding employer's denial of the spondylosis. *Cf. Pedro v. SAIF*, 313 Or App 34, 495 P3d 183 (2021)

(holding that the claimant had established the compensability of a disc protrusion where the medical evidence established that the workplace accident was a material cause of the claimant's disc protrusion, rejecting the employer's contention that the disc protrusion was part of a combined condition, because the medical evidence did not address how the disc protrusion combined with the claimant's preexisting arthritis to result in disability or a need for treatment).

Claimant's second assignment challenges employer's "ceases" denial of the accepted combined condition claim. ORS 656.005(7)(a)(B) sets forth the standard for determining the compensability of a combined condition claim:

> "If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

In his second assignment of error, claimant contends that the board applied an incorrect legal standard in determining that claimant's compensable cervical strain/sprain had ceased to be the major contributing cause of claimant's combined condition.

Under ORS 656.005(7)(a)(B), a "combined condition" exists when an "otherwise compensable injury" combines with a preexisting condition, and the otherwise compensable injury remains the major contributing cause of the combined condition. *Brown v. SAIF*, 361 Or 241, 243, 391 P3d 773 (2017). A combined condition is "compensable only if the *major* contributing cause—not just the material cause—of the resulting combined condition is the compensable injury." *Id.* at 251 (emphasis in original). The acceptance of a combined condition does not preclude the employer from later denying the combined condition claim, if circumstances change such that the otherwise compensable condition is no longer the major contributing cause of the combined condition. ORS 656.262(6)(c). If the employer believes that to be so, it is required to notify the claimant that the "accepted injury"

is no longer the major contributing cause of the combined condition. ORS 656.262(7)(b); *see also* ORS 656.268(1)(b) (employer is authorized to close combined condition claim if "[t]he accepted injury is no longer the major contributing cause" of the combined condition). It is the employer's burden to establish that the otherwise compensable injury ceases to be the major contributing cause of the combined condition. *Brown*, 361 Or at 251.

Here, employer issued an acceptance of claimant's "preexisting osteoarthritis of the cervical spine" as a component of a combined condition with claimant's compensable cervical strain/sprain. Employer accepted that combined condition as of the date of the work accident. It then determined that, as of July 3, 2020, claimant's compensable cervical strain/sprain was no longer the major contributing cause of the combined condition. In other words, employer determined that, based on the medical evidence, as of July 3, 2020, claimant's preexisting spondylosis had come to predominate in claimant's symptoms and need for treatment. Thus, employer denied the combined condition as of July 3, 2020. Substantial evidence supports the board's determination upholding employer's denial based on the determination that, as of July 3, 2020, claimant's compensable cervical strain/sprain was no longer the major contributing cause of the symptoms and need for treatment of claimant's preexisting spondylosis.

Rather than raise a substantial evidence challenge, claimant contends that the medical experts' references to claimant's "work injury" or "industrial injury," instead of to the compensable cervical strain/sprain, indicates that, in evaluating the continued compensability of the combined condition, the experts made an improper comparison between claimant's work accident and the preexisting spondylosis, rather than between the accepted cervical strain/sprain and the preexisting spondylosis. As a result, claimant contends, the medical evidence on which the board relied was legally insufficient to meet employer's burden of proof.

Claimant is correct that the comparison to be made in determining the continued compensability of a combined condition is between the compensable condition and

the preexisting condition, and not the work accident (or injury-producing incident) and the preexisting condition. As claimant argues, that was the precise issue decided in *Brown*. 361 Or at 255 ("The use of the term 'injury' in ORS 656.005(7)(a) suggests that it does not refer to an incident; rather, it refers to a medical condition that is the result of an accidental incident."). *Brown* in fact explained that the statutes' reference to "compensable injury," in the context of a combined condition claim, is a reference to the accepted condition. 361 Or at 274 ("Case law construing [ORS 656.262] make clear that the phrase "otherwise compensable injury" [in ORS 656.005(7)(a)] refers to the particular medical condition that an employer has accepted as compensable."). Thus, the references in the medical opinions in this record to the "work injury" or the "industrial injury" rather than to the compensable cervical strain/sprain, were not necessarily incorrect. But to the extent that they were imprecise in not specifically referring to the accepted cervical strain/sprain, a reasonable reading of the medical evidence, which consistently described the cervical strain/sprain as having resolved, permitted the board to find that the physicians were making the correct comparison between claimant's compensable cervical strain/sprain and the preexisting spondylosis. We therefore reject claimant's contention that the medical evidence was legally insufficient and conclude that substantial evidence supports the board's determination that, after July 3, 2020, claimant's compensable cervical strain/sprain was not the major contributing cause of the symptoms of his spondylosis.

In his third assignment of error, claimant contends that the board erred in declining to award claimant an attorney fee under ORS 656.386(1),[3] based on employer

---

[3] ORS 656.386(1) provides:

"In all cases involving denied claims where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney. In such cases involving denied claims where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee. In such cases involving denied claims where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed."

having rescinded its denial of the preexisting spondylosis when employer accepted the preexisting spondylosis as a component of a combined condition. There was no error. Employer did not withdraw or rescind its denial of the pre-existing spondylosis. It merely accepted the condition in the limited context of a combined condition. The acceptance of a combined condition is not an outright acceptance of a pre-existing condition that has combined with a work-related injury. *Multifoods Specialty Distribution v. McAtee*, 164 Or App 654, 661, 993 P2d 174 (1999), *aff'd*, 333 Or 629, 43 P3d 1101 (2002). We conclude that employer's acceptance of the preexisting spondylosis as a component of a combined condition was not a rescission of the previous denial, did not result in an increase in benefits to claimant, and does not support an award of attorney fees. We therefore reject claim-ant's third assignment of error.

Affirmed.